**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**HAROLD SPRADLIN**                                                                                                      **PLAINTIFF**

**VS.**                                             **NO. 4:08CV04075 JMM**

**NPC INTERNATIONAL, INC. d/b/a PIZZA HUT;
WILLIAM CAUDLE; SHAWN JACK;
and PIZZA HUT, INC.**                                                                                                **DEFENDANTS**

**ORDER**

Pending are motions to dismiss filed by Defendants, NPC International, Inc. ("NPC"), Pizza Hut, Inc. ("PHI") and Shawn Jack. (Docket #'s 9 and 16). Plaintiff has responded and Defendants have filed replies.

Plaintiff's complaint, originally filed in the Circuit Court of Pulaski County, Arkansas on September 11, 2008, named NPC, PHI and William Caudle. Plaintiff, a person of mixed ethnic heritage including Arabic and a resident of Pulaski County, Arkansas, alleges that on September 11, 2007 he and his employee stopped for lunch at the Pizza Hut restaurant located at 301 Millwood Circle, Maumelle, Arkansas. Plaintiff claims that he heard a male voice from the kitchen area loudly state "there might be a sand nigger in here." This slur was allegedly followed by laughter and muffled conversation from the kitchen. Another derogatory statement was then made by a male, followed by more laughing and low conversation. The racial epithet was repeated several times. Plaintiff states that he told his server that he did have some Arabic ancestry and did not appreciate the slurs and would like for them to stop. In response, a male voice from the kitchen shouted, "I don't give a fuck what that Sand Nigger wants." During this period of time Plaintiff was unable to see who was talking, shouting and laughing. In order to see, Plaintiff approached the kitchen area where he saw two Pizza Hut employees, William Caudle and restaurant manager,

Shawn Jack. Defendant Caudle was wearing a makeshift Arabic headdress made of brown paper towels that included a section that covered the lower half of his face, the word "Habeeb" was written on the section of the headdress that covered his forehead. Caudle then "threw his arms and hands out to the side and said in a challenging tone, 'What up, Sand Nigger?'" Shawn Jack did nothing and grinned.

Plaintiff's complaint asserts causes of action pursuant to Ark. Code Ann. §16-123-106 (hate offense), Ark. Code Ann. §16-123-107(a)(2) (discrimination in public accommodations) and for intentional infliction of emotional distress.

PHI and NPC removed this action on October 29, 2008 based on diversity jurisdiction. PHI and NPC were the only served defendants at that time. On November 10, 2008, Plaintiff amended his complaint and added Shawn Jack as a defendant.

Defendants PHI, NPC and Shawn Jack seek dismissal of Plaintiff's complaint and ask the Court to declare a portion of the Arkansas Civil Rights Act, Ark. Code Ann. §16-123-106, the "hate offense" statute, unconstitutional or, in the alternative, find that Plaintiff has failed to state a cognizable claim. Defendants also assert that Plaintiff has failed to state a claim under Ark. Code Ann. §16-123-107(a)(2) for discrimination in public accommodations and for intentional infliction of emotional distress. Before the Court can address the merits of Defendants' motions, the Court must examine the amended complaint to determine if Plaintiff should be allowed to amend his complaint to add Shawn Jack.

Plaintiff contends that after filing his original Complaint against PHI, NPC and William Caudle, he was able to effect service of process on NPC and PHI on October 7, 2008. Plaintiff was unable to locate Caudle for service. Plaintiff contends that when he filed his original Complaint he mistakenly believed that Defendant Jack had moved from Central Arkansas. Plaintiff claims that he

decided to file his complaint against the remaining Defendants and attempt to discover more information about Jack's whereabouts. Later, he learned that Caudle had moved to Florida and Jack was still living in Central Arkansas. Upon learning this information, Plaintiff filed his First Amended Complaint on November 10, 2008 naming Jack as a defendant. Plaintiff did not seek leave to amend, arguably because the amendment was filed prior to the filing of any responsive pleading.

Fed. R. Civ. P. 15(a) allows a party to amend its pleading once as a matter of course before being served with a responsive pleading. However, 28 U.S.C. §1447(e) provides that

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

Here, the joinder of Jack would destroy subject matter jurisdiction. The Court finds that 28 U.S.C. §1447 applies where the amendment sought would destroy diversity jurisdiction in a removed action. *See, Bevels v. American States Ins. Co.*, 100 F. Supp.2d 1309 (M.D. Ala. 2000) *see also, Wilkinson v. Shackelford,* 478 F.3d 957(8th Cir. 2007) ("[T]he conflict between Rule 15(a) and 28 U.S.C. §1447(e) is generally resolved by Courts 'concluding that they have authority to deny joinder under Rule 15(a) notwithstanding the plaintiff's right under that rule.'"). Thus, the Court will conduct the discretionary review of the pleadings to determine if the amendment to the Complaint should be allowed.

"In deciding whether to grant leave to amend, courts must balance the defendant's interest in retaining the federal forum with the plaintiff's competing interest in avoiding parallel federal and state litigation. Courts consider whether the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has delayed in requesting amendment, whether the plaintiff will be

significantly injured if amendment is refused, and any other factors bearing on the equities." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc*. 263 F.3d 816, 819 (8th Cir. 2001)citations omitted.  If the Court allows the claims against the non-diverse party, "complete diversity [will be ] destroyed, and the district court [will] have to either deny joinder or permit joinder and remand the action to state court. 28 U.S.C. § 1447(e)*." Id.*

     Applying this standard, the Court finds that Plaintiff should be allowed to amend his complaint. Plaintiff filed his amended complaint only sixty (60) days after filing his original complaint and forty eight (48) days after removal.  Thus, the Court does not find that Plaintiff delayed unnecessarily in seeking the amendment.  Further, based upon the facts set forth in the First Amended Complaint, Plaintiff heard two individuals in conversation during which the racial epithets were made.  Plaintiff contends that the voices he heard making the derogatory remarks may have been from different individuals.  Further, after moving where he could see the individuals involved he saw both Caudle and Jack.  Based upon these allegations, the Court finds that Jack is a necessary and indispensable party and denying Plaintiff the opportunity to join Jack as a defendant could result in significant prejudice.  The Court has considered the Defendants' interest in retaining the federal forum with the Plaintiff's competing interest in avoiding parallel federal and state litigation and finds that the equities favor allowing Plaintiff to amend his complaint.  Because the joinder of Jack will destroy diversity jurisdiction, the case is hereby remanded to the Circuit Court of Pulaski County, Arkansas.

     IT IS SO ORDERED this 25th day of March, 2009.

     _____
James M. Moody
United States District Judge